UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81368-CIV-DIMITROULEAS

REALTOR® ASSOCIATION OF GREATER
FORT LAUDERDALE, INC.,

    Plaintiff,

vs.

MIAMI ASSOCIATION OF REALTORS®, INC.,

    Defendant.
_____/

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

Plaintiff, Realtors® Association of Greater Fort Lauderdale, Inc. ("RAGFL") hereby files its Answer in response to the Counterclaim served by Defendant, Miami Association of Realtors® ("MAR") as follows:

**COUNTERCLAIMS**
**STATEMENT OF FACTS**

1. Plaintiff, RAGFL denies paragraph 145.

2. Plaintiff, RAGFL admits paragraph 146.

3. Plaintiff, RAGFL admits paragraph 147.

4. Plaintiff, RAGFL admits paragraph 148.

5. Plaintiff, RAGFL denies paragraph 149.

6. Plaintiff, RAGFL denies paragraph 150.

7. Plaintiff, RAGFL denies paragraph 151.

8. Plaintiff, RAGFL denies paragraph 152.

9. Plaintiff, RAGFL denies paragraph 153.

10. Plaintiff, RAGFL denies paragraph 154.

11. Plaintiff, RAGFL denies paragraph 155.

12. The allegations set forth in paragraph 156 of Defendant, MAR's Counterclaim contain statements which Plaintiff, RAGFL is without knowledge or information to admit such statement, thus, Plaintiff, RAGFL denies paragraph 156 of Defendant, MAR's Counterclaim as written.

13. Plaintiff, RAGFL denies paragraph 157.

14. The allegations set forth in paragraph 158 of Defendant, MAR's Counterclaim contain statements which Plaintiff, RAGFL is without knowledge or information to admit such statement, thus, Plaintiff, RAGFL denies paragraph 158 of Defendant, MAR's Counterclaim as written.

15. The allegations set forth in paragraph 159 of Defendant, MAR's Counterclaim contain statements which Plaintiff, RAGFL is without knowledge or information to admit such statement, thus, Plaintiff, RAGFL denies paragraph 159 of Defendant, MAR's Counterclaim as written.

16. Plaintiff, RAGFL admits that on September 19, 2011, McWilliam sent an e-mail to transferring member Mike Maloney of Keller William Properties, but denies the remaining portions of paragraph 160 of Defendant, MAR's Counterclaim.

17. Plaintiff, RAGFL admits that on or about September 20, 2011, McWilliam and Thomas O'Bryant (RAGFL's Chief Operating Officer) sent e-mails to other transferring members, but denies the remaining portions of paragraph 161 of Defendant, MAR's Counterclaim.

18. Plaintiff, RAGFL admits that on or about September 23, 2011, McWilliam sent an e-mail to a transferring member, but denies the remaining portions of paragraph 162 of Defendant, MAR's Counterclaim.

19. The allegations set forth in paragraph 163 of Defendant, MAR's Counterclaim contain statements which Plaintiff, RAGFL is without knowledge or information to admit such statement, thus, Plaintiff, RAGFL denies paragraph 163 of Defendant, MAR's Counterclaim as written.

20. Plaintiff, RAGFL denies paragraph 164.

21. Plaintiff, RAGFL denies paragraph 165.

22. Plaintiff, RAGFL admits that on or about January 15, 2011, McWilliam sent an e-mail to a realtor® that stated: "Only RAGFL numbers are used to determine the Fort Lauderdale MSA (Metropolitan Service Area) which is what the Sun-Sentinel reports as Broward County . . . . [This] is tremendously damaging to our (RAGFL) members and the Broward community as the MLS data is the barometer used nationwide to measure the health of our real estate market. Simply put, if REALTORS® want their Broward sales considered by the media and to help grow Broward sales they need to be RAGFL listings.", but denies the remaining portions of paragraph 166 of Defendant, MAR's Counterclaim.

23. Plaintiff, RAGFL denies paragraph 167.

24. Plaintiff, RAGFL denies paragraph 168.

25. Plaintiff, RAGFL denies paragraph 169.

26. The allegations set forth in paragraph 170 of Defendant, MAR's Counterclaim contain statements which Plaintiff, RAGFL is without knowledge or information to admit such statement, thus, Plaintiff, RAGFL denies paragraph 170 of Defendant, MAR's Counterclaim as written.

27. Plaintiff, RAGFL denies paragraph 171.

28. Plaintiff, RAGFL admits paragraph 172.

29. The allegations set forth in paragraph 173 of Defendant, MAR's Counterclaim contain statements which Plaintiff, RAGFL is without knowledge or information to admit such statement, thus, Plaintiff, RAGFL denies paragraph 173 of Defendant, MAR's Counterclaim as written.

30. Plaintiff, RAGFL denies paragraph 174.

31. Plaintiff, RAGFL denies paragraph 175.

32. Plaintiff, RAGFL denies paragraph 176.

33. Plaintiff, RAGFL denies paragraph 177.

34. Plaintiff, RAGFL denies paragraph 178.

35. Plaintiff, RAGFL admits that on May 17 – 19, 2011, McWilliam sent an e-mail to brokers; Plaintiff, RAGFL denies that the e-mail contained false statements about MAR; Plaintiff, RAGFL denies the remaining portions of paragraph 179, subsections (a), (b), (d) and (e). Plaintiff, RAGFL admits paragraph 179 subsection (c).

36. Plaintiff, RAGFL denies paragraph 180.

## **FIRST COUNTERCLAIM**
**(Defamation)**

37. Plaintiff, RAGFL denies paragraph 181.

38. Plaintiff, RAGFL denies paragraph 182.

39. Plaintiff, RAGFL denies paragraph 183.

40. Plaintiff, RAGFL denies paragraph 184.

41. Plaintiff, RAGFL denies paragraph 185.

42. Plaintiff, RAGFL denies paragraph 186.

43. Plaintiff, RAGFL denies paragraph 187.

44. Plaintiff, RAGFL denies paragraph 188.

45.     Plaintiff, RAGFL admits that McWilliam was RAGFL's President-Elect or President at this time, but denies the remaining portions of paragraph 189 of Defendant, MAR's Counterclaim as written.

## SECOND COUNTERCLAIM
(Injurious Falsehood)

46.     Plaintiff, RAGFL denies paragraph 190.

47.     Plaintiff, RAGFL denies paragraph 191.

48.     Plaintiff, RAGFL denies paragraph 192.

49.     Plaintiff, RAGFL denies paragraph 193.

50.     Plaintiff, RAGFL denies paragraph 194.

51.     Plaintiff, RAGFL denies paragraph 195.

52.     Plaintiff, RAGFL denies paragraph 196.

53.     Plaintiff, RAGFL denies paragraph 197.

54.     Plaintiff, RAGFL admits that McWilliam was an officer of RAGFL at the time, but denies the remaining portions of paragraph 198 of Defendant, MAR's Counterclaim as written.

## THIRD COUNTERCLAIM
(Tortious Interference with Advantageous Business Relationship)

55.     Plaintiff, RAGFL denies paragraph 199.

56.     Plaintiff, RAGFL denies paragraph 200.

57.     Plaintiff, RAGFL denies paragraph 201.

58.     Plaintiff, RAGFL denies paragraph 202.

59.     Plaintiff, RAGFL denies paragraph 203.

60.     Plaintiff, RAGFL denies paragraph 204.

61. Plaintiff, RAGFL admits that McWilliam was RAGFL's President-Elect or President at this time, but denies the remaining portions of paragraph 205 of Defendant, MAR's Counterclaim as written.

## FOURTH COUNTERCLAIM
### (Unfair Competition)

62. Plaintiff, RAGFL denies paragraph 206.

63. Plaintiff, RAGFL denies paragraph 207.

64. Plaintiff, RAGFL denies paragraph 208.

65. Plaintiff, RAGFL denies paragraph 209.

66. Plaintiff, RAGFL denies paragraph 210.

67. Plaintiff, RAGFL denies paragraph 211.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

68. Throughout MAR's Counterclaim MAR makes reference to "others", "other RAGFL representatives" and "statements" without requisite specificity. For these and other reasons, MAR has, in whole or in part, failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Truth)

69. MAR's claims are barred due to the fact that the statements to which RAGFL admits having made are truthful and made with good motive. See also Fla. Const. Article I §4.

### THIRD AFFIRMATIVE DEFENSE
### (Justified Conduct)

70. All of MAR's claims are barred because any admitted RAGFL conduct complained of by MAR in its Counterclaim was justified conduct.

### FOURTH AFFIRMATIVE DEFENSE
### (Protection of Economic and Financial Interest)

71. All of MAR's claims are barred because any action to which RAGFL admits undertaking as alleged by MAR in its Counterclaim was action that was taken to protect RAGFL's own financial and/or economic interests.

### FIFTH AFFIRMATIVE DEFENSE
### (Contractual Relationship)

72. At all times material hereto RAGFL had a contractual or advantageous business relationship with its members. MAR is therefore barred from asserting claims that RAGFL tortuously interfered with its own members.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Give Notice)

73. To the extent that MAR's Defamation claim is based on libel, MAR has failed to give the required statutory notice pursuant to Fla. Stat. §770.01.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

74. MAR's claims are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

75. MAR has failed to mitigate its damages, if any.

### NINTH AFFIRMATIVE DEFENSE
### (No Causation – Lack of Injury)

76. MAR's claims against RAGFL are barred because MAR's damages, if any, were not caused by RAGFL. Additionally, MAR has suffered no harm to its reputation, its business, good will or otherwise as a result of the alleged statements set forth in the Counterclaim or as a result of any other RAGFL conduct. Further, as to MARs claim for Injuries Falsehood, MAR is barred from recovering general damages and injury to its reputation.

### TENTH AFFIRMATIVE DEFENSE
### (Vicarious Liability)

77. MAR's claims are barred because, if committed, (which RAGFL denies) the alleged acts allegedly supporting the claims were committed by an individual with no actual or apparent authority from RAGFL to commit or engage in the alleged acts; and the individual committing or engaging in such acts was not acting within the scope of his or her duties to or employment with RAGFL. Further, MAR's claims are barred because, if made, the alleged false, defamatory, or disparaging statements were made by an individual with no actual or apparent authority from RAGFL to make such statements; and the individual uttering such statements, if made, was not acting within the scope of his or her duties to or employment with RAGFL.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Attorneys Fees)

78. MAR's claim for attorney's fees is barred because no counterclaim is based on a statute or contract allowing the recovery of attorney's fees.

WHEREFORE, RAGFL prays that this Court enter an order dismissing with prejudice MAR's Counterclaim and enter judgment in favor of RAGFL against MAR on MAR's Counterclaim and award RAGFL its costs and fees incurred in connection with the defense of the Counterclaim and any other further relief this Court deems proper and just.

DATED: February 17, 2012

        Respectfully submitted,

        **FARMER, JAFFE, WEISSING,**
        **EDWARDS, FISTOS & LEHRMAN, P.L.**
        425 N. Andrews Avenue, Suite 2
        Fort Lauderdale, Florida 33301
        Telephone 954-524-2820
        Facsimile 954-524-2822

        By: /s/ Steven R. Jaffe_____
            Steven R. Jaffe (FBN 390770)
            E-mail: steve@pathtojustice.com
            Mark S. Fistos (FBN 909191)
            E-mail: mark@pathtojustice.com

        Stephen J. Simmons, Esq.
        FBN 664375
        Murray & Simmons, LLP
        1401 East Broward Blvd., Suite 200
        Fort Lauderdale, Florida 33301
        Telephone (954) 467-2000
        Facsimile (954) 467-2306
        E-mail: sjs@mslaw.net

        **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's CM/ECF system on February 17th, 2012, and will be served on all counsel of record listed below through the ECF system.

**Steven W. Davis, Esq.**
E-mail: sdavis@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street
Suite 2800
Miami, Florida 33131

*Attorneys for Defendant*

        By: s/ Steven R. Jaffe_____
           Steven R. Jaffe